AYRES, Judge.
By this action, plaintiff seeks as against the defendants, City of Monroe and Jeffcon, Inc. (1), injunctive relief enjoining and prohibiting them from entering into a contract for the construction and installation of two sewerage pumping stations and (2) mandatory relief in directing the acceptance of his bid for said work and the execution of a contract with him thereof.
From a judgment rejecting plaintiff’s demands and dismissing his suit, he appealed to this court.
The record discloses that, in response to the City’s advertisement for bids for the erection of the pumping stations, four bids were submitted, which are as follows :
C. J. White $41,000
Wilks, Dake & Steed 39,000
Jeffcon, Inc. 29,842
Chester O. Boyd 29,166
The defense, sustained by the lower court, is that plaintiff’s bid was improper and il *721 legal in that said bid was not accompanied by a certified check for five percent of the amount thereof in compliance with the legal requirements, specifications, and notice, or invitation, for bids.
The amount in controversy is far in excess of the present maximum jurisdiction of this court, Louisiana Constitution, art. 7, Sec. 29, LSA, and is within the jurisdiction of the Supreme Court, Louisiana Constitution, art. 7, Sec. 10.
We must take notice of our lack of jurisdiction ex proprio motu and are therefore required by LSA-R.S. 13:4441 to transfer this appeal to the Supreme Court.
Therefore, it is ordered that this appeal he transferred to the Honorable, the Supreme Court of the State of Louisiana, the transfer to be made within 30 days after this decree becomes final; otherwise the appeal is to stand dismissed; the appellant is assessed with the cost of the appeal to this court; all other costs are to await final disposition of the case.
Appeal transferred to the Supreme Court.